UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY DOE,

    Plaintiff,

v.                                    Case No.: 8:20-cv-1057-AAS

ANDREW SAUL,
**Commissioner of Social Security,**

    **Defendant.**
_____/

## ORDER

The Commissioner of Social Security (Commissioner) requests that the court dismiss the second issue raised by Mary Doe in the parties' joint memorandum under Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. 26). Ms. Doe did not respond to the motion and the time for doing so has expired. *See* Local Rule 3.01(c), M.D. Fla.[1]

## I.    BACKGROUND

Ms. Doe applied for supplemental security income (SSI) on September 23, 2016. (Tr. 217-22). The Commissioner denied Ms. Doe's application initially

---

[1] Because Ms. Doe failed to timely respond to the Commissioner's motion to dismiss, the court may treat it as unopposed. *See* Local Rule 3.01(c), M.D. Fla. ("If a party fails to timely respond [to a motion], the motion is subject to treatment as unopposed."). However, the court will address the merits of the Commissioner's motion to dismiss.

1

and on reconsideration. (Tr. 122, 144, 146). After an administrative hearing, the Administrative Law Judge (ALJ) also denied Ms. Doe's claim for benefits. (Tr. 23-42). On April 19, 2019, Ms. Doe requested the Appeals Council review the ALJ's decision and included additional evidence. (Tr. 215-16, 1623-30). Ms. Doe also stated she intended to file a new application for disability benefits and requested that the new application have a protective filing date of April 19, 2019. (Tr. 215).

The Appeals Council denied Ms. Doe's request for review because the additional evidence did not provide a basis for changing the ALJ's decision. (Tr. 7-14). In doing so, Appeals Council found the additional information time relevant, considered it, and did not return it to Ms. Doe. (Tr. 7, 10-11).

On May 8, 2020, Ms. Doe filed another SSI application. (Doc. 26, Ex. A). On January 27, 2021, the Commissioner issued an initial determination finding Ms. Doe disabled as of that date, May 8, 2020. (Doc. 26, Ex. B).

On January 27, 2021, Ms. Doe served her portion of the joint memorandum on the Commissioner raising two issues. In the second issue, Ms. Doe argues the Appeals Council's decision erred in not finding Ms. Doe was entitled to an earlier protective filing date as of her request for review on April 19, 2019, not the date of filing her subsequent SSI application on May 8, 2021.

(Doc. 25, pp. 9-13).

The Commissioner now moves to dismiss issue two because Ms. Doe may not challenge the Commissioner's actions declining her request to apply an earlier filing date to her May 2020 SSI application because she has not obtained a final decision on her 2020 SSI application and has raised no colorable constitutional claims. (Doc. 26).

## II. ANALYSIS

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). The burden of establishing the existence of federal subject matter jurisdiction lies with the party that brings the claim. *Sweet Pea Marine, Ltd. V. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005).

The United States "'is immune from suit save as it consents to be sued,' and Congress alone determines how and when the United States may be sued for judicial review of administrative orders and judgments." *Jackson v. Astrue*,

3

506 F.3d 1349, 1352-53 (11th Cir. 2007) (quoting *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981)). Under 42 U.S.C. § 405(g), Congress waived sovereign immunity and gave courts the authority to review, modify, or reverse the Commissioner's decisions. *Id.* at 1353. The remedies enumerated in the statute are the sole source of federal jurisdiction in social security disability cases. *Id.* (citing 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.")).

> Section 405(g) provides:
>
> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).

Judicial review is limited to review of a final decision made by the Commissioner after a hearing. *See Bello v. Comm'r of Soc. Sec.*, 460 F. App'x 837, 839 (11th Cir. 2012) (citing 42 U.S.C. § 405(g)). "On its face [§] 405(g) thus bars judicial review of any denial of a claim of disability benefits until after a 'final decision' by the Secretary after a 'hearing.'" *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976). Implicit in this requirement is:

4

> the principle that this condition consists of two elements, only one of which is purely "jurisdictional" in the sense that it cannot be "waived" by the Secretary in a particular case. The waivable element is the requirement that the administrative remedies prescribed by the Secretary be exhausted. The nonwaivable element is the requirement that a claim for benefits shall have been presented to the Secretary. Absent such a claim there can be no "decision" of any type. And some decision by the Secretary is clearly required by the statute.

*Id.*

If the non-waivable element is satisfied, the court must consider whether a claimant received a "sufficiently" "final" decision on her "constitutional claim to satisfy the statutory exhaustion." *Id.* at 330. Thus, the Commissioner may waive the exhaustion requirements "if he satisfies himself, at any stage of the administrative process, that no further review is warranted either because the internal needs of the agency are fulfilled or because the relief that is sought is beyond his power to confer." *Id.*; *see also Counts v. Comm'r of Soc. Sec.*, No. 6:09-cv-2157-ORL, 2010 WL 5174498, at *5 (M.D. Fla. Dec. 15, 2010).

The Social Security Act does not define "final decision," "instead leaving it to the Commissioner to give meaning to that term through regulations." *Bello*, 460 F. App'x at 839 (citing *Sims v. Apfel*, 530 U.S. 103, 106 (2000)). Under the Commissioner's regulations, to satisfy the requirements of finality of an SSI claim, a claimant must pursue the four-step administrative review

processing including: (1) an initial determination; (2) a reconsideration determination; (3) a hearing decision by an ALJ; and (4) a discretionary review by the Appeals Council. *Morrison v. Astrue*, No. 8:11-CV-1147-T-17TBM, 2012 WL 3668070, at *3 (M.D. Fla. June 9, 2012), report and recommendation adopted, No. 8:11-CV-1147-T-TBM, 2012 WL 3655346 (M.D. Fla. Aug. 24, 2012) (citing 20 C.F.R. § 416.400). However, a court may still have jurisdiction over a decision without a final decision after a hearing if the plaintiff raises a colorable constitutional claim; and the decision is reconsidered to any extent at an administrative level. *Loudermilk v. Barnhart*, 290 F.3d 1265, 1268 (11th Cir. 2002); *Sherrod v. Chater*, 74 F.3d 243, 245 (11th Cir. 1996).

Ms. Doe has not exhausted her administrative remedies. On January 27, 2021, the agency issued an initial determination on Ms. Doe's 2020 SSI application. (Doc. 26, Ex. B). This initial determination included the date the agency recognized as the filing date for the application. (*Id.*). The plaintiff's time to request reconsideration has not yet elapsed. (*Id.*). Ms. Doe has not completed the administrative review process and exhausted her administrative remedies because she has not requested review of her initial determination or received any reconsidered determination. (*Id.*). Thus, Ms. Doe has not met her burden to prove she has exhausted her administrative

remedies, so the court does not have subject matter jurisdiction under 42 U.S.C. § 405(g).

Ms. Doe also argues, however, that she has raised a colorable constitutional claim based on alleged due process violations. (*See* Doc. 25, pp. 9-13). Ms. Doe alleges the Commissioner's policy in SSR 11-1p violates her right to equal protection. The Equal Protection Clause of the U.S. Constitution states, "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the law." U.S. Const. amend. XIV, § 1. If an individual alleging an equal protection violation does not allege a burden on a fundamental right or claim to be a member of a suspect class, "the question of whether the Policy violates equal protection is subject to rational basis review." *Houston v. Williams*, 547 F.3d 1357, 1363 (11th Cir. 2008).

In considering an equal protection challenge, courts generally presume the legislation at issue to be valid and will uphold the statute if the classification it draws is rationally related to a legitimate purpose. *See City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 440 (1985). The burden is on the plaintiff to show the insubstantiality of the rationale for the process. *See Mathews v. Lucas*, 427 U.S. 495, 510 (1976).

Ms. Doe has not alleged that she has a fundamental right to file a new

7

SSI application with an earlier filing date, or that she is a member of a suspect class and that is the basis for her exclusion from receiving an earlier filing date under SSR 11-1p. There must be a rational basis for any disparity in treatment only among claimants.

SSR 11-1p explains that a claimant may have only one claim for a type of benefit pending at a time. SSR 11-1p, 2011 WL 3962767, at *1. The ruling explains that generally claimants must choose between pursuing administrative review rights on the pending claim or filing a new application. *Id.* at *2. If the claimant has an SSI claim pending with the Appeals Council and submits additional evidence, the Appeals Council will determine whether the evidence relates to the period by the date of the hearing decision and, if it is new and material, the Appeals Council will consider the new evidence with the entire record. *See* SSR 11-1p, 2011 WL 3962767, at *3. If the evidence, however, does not relate to the period by the date of the hearing decision, the Appeals Council will return the additional evidence to the claimant and inform the claimant she may file a new application. *Id.* If the claimant files a new application within sixty days of the notice, the Commissioner will consider the date the claimant filed the request for review with the Appeals Council as the filing date for the new claim. *Id.* If the additional evidence does not relate to

the period by the date of the hearing decision but shows a new critical or disabling condition and the claimant indicates she wants to file a new claim based on this evidence, the Appeals Council may permit the claimant to file a new claim before completing the action on the request for review of the pending claim. *Id.*

The stated rationale for these procedures is that they allow the agency "to more efficiently use our limited resources to handle the increase in the number of initial disability claims that we have seen in light of the economic downturn." SSR 11-1p, 2011 WL 3962767, at *1. The Commissioner's policy in SSR 11-1p is rationally related to a reasonable, identifiable government interest. Thus, the Appeals Council properly applied SSR 11-1p in evaluating Ms. Doe's 2020 SSI application.

Ms. Doe has not shown that she has a colorable constitutional claim so the court can find it has subject matter jurisdiction despite Ms. Doe's failure to exhaust her administrative remedies.

### III. CONCLUSION

The Commissioner's motion to dismiss the second issue raised by Mary Doe in the parties' joint memorandum (Doc. 26) is **GRANTED**. The court will not consider Ms. Doe's second issue in the parties' joint memorandum when

9

reviewing the Commissioner's disability determination. (*See* Doc. 26, pp. 9-13).

**ORDERED** in Tampa, Florida on July 8, 2021.

AMANDA ARNOLD SANSONE
United States Magistrate Judge